UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

NYKIA HINES,

                                Plaintiff,

                    -against-

Police Officer SMITHU SAMUEL, Shield No. 10442; Police Officer BRIAN L. MECSERI, Shield No. 14125; Police Officer PATRICK BURNETT, Shield No. 30205; Police Officer David Small; and JOHN and JANE DOE 2 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                                Defendants.
------------------------------------------------------------------ x

**FIRST AMENDED COMPLAINT**

14 CV 5955 (ILG) (MDG)

Jury Trial Demanded

## NATURE OF THE ACTION

1.     This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3.     The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5.  Plaintiff demands a trial by jury in this action.

## PARTIES

6.  Plaintiff Nykia Hines ("plaintiff" or "Ms. Hines") is a resident of Kings County in the City and State of New York.

7.  Defendant Police Officer Smithu Samuel, Shield No. 10442 ("Samuel"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Samuel is sued in his individual and official capacities.

8.  Defendant Police Officer Brian L. Mecseri, Shield No. 14125 ("Mecseri"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Mecseri is sued in his individual and official capacities.

9.  Defendant Police Officer Patrick Burnett, Shield No. 30205 ("Burnett"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Burnett is sued in his individual and official capacities.

10. Defendant Police Officer David Small ("Small"), at all times relevant herein, was an officer, employee and agent of the NYPD. Upon information and belief, defendant Small was the cell attendant at the 79th Precinct. Defendant Small is sued in his individual and official capacities.

11. At all times relevant defendants John and Jane Doe 2 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not

know the real names and shield numbers of defendants John and Jane Doe 2 through 10.

12. At all times relevant herein, defendants John and Jane Doe 2 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 2 through 10 are sued in their individual and official capacities.

13. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

14. At approximately 6:00 a.m. on February 2, 2014, Ms. Hines was lawfully present in the vicinity of Tompkins Avenue and Quincy Street in Brooklyn, New York.

15. Ms. Hines witnessed multiple police officers assaulting her boyfriend.

16. From a reasonable distance, in a reasonable tone, and without interfering with any officer, Ms. Hines asked the officers why they were assaulting her boyfriend.

17. Without probable cause or reasonable suspicion to believe she had committed any crime or offense, an officer then handcuffed and falsely arrested Ms. Hines.

18. Plaintiff was taken to the 79th precinct.

19. At the precinct, plaintiff was searched, her shoes and jacket were taken

from her, and she was left alone and barefoot in a cell.

20. While plaintiff remained in handcuffs in the cell, a male officer entered the cell, shoved Ms. Hines against the wall, and groped her under her dress while pretending to conduct a pat down search.

21. Ms. Hines pleaded with the officer, to no avail, for a female officer to conduct the search.

22. Another male defendant officer entered the cell and Ms. Hines was physically assaulted.

23. At the precinct defendants falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff, *inter alia*, obstruct governmental administration.

24. At no point did the officers observe Ms. Hines commit any crime or offense.

25. Ms. Hines was taken to Brooklyn Central Booking and, after spending approximately 24 hours in custody, arraigned and released on her own recognizance.

26. The criminal charges against plaintiff were subsequently adjourned in contemplation of dismissal.

27. Ms. Hines sustained injuries including bruising to her wrists from the handcuffs and a black eye.

28. Ms. Hines suffered damage as a result of defendants' actions. Plaintiff was deprived of her liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to her reputation.

### FIRST CLAIM
### Unlawful Stop and Search
### (against Samuel, Mecseri and Burnett as to stop and all defendants as to search)

29. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

30. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

31. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

### SECOND CLAIM
### False Arrest (against Samuel, Mecseri and Burnett)

32. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

33. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

34. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Unreasonable Force (against all defendants)

35. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

36. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

37. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Denial Of Constitutional Right To Fair Trial
### (against Samuel, Mecseri and Burnett)

38. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

39. The individual defendants created false evidence against plaintiff.

40. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

41. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

42. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Failure To Intervene (against all defendants)

43. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

44. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

45. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

46. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated: March 16, 2015
New York, New York

HARVIS WRIGHT & FETT LLP

_____
Gabriel P. Harvis
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
gharvis@hwf.nyc

*Attorneys for plaintiff*
